**Boston University** School of Law
Entrepreneurship, Intellectual Property &
Cyberlaw Program



765 Commonwealth Avenue
Boston, Massachusetts 02215
T 617-353-3131 F 617-353-6944

Andrew Sellars
Director
Technology & Cyberlaw Clinic
Phone: (617) 358-7377
Email: sellars@bu.edu

April 5, 2017

Admitted to Practice: MA, NY

**VIA EMAIL (cia_foia@ucia.gov) AND U.S. MAIL**

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: **Demand for Immediate Production of FOIA Request F-2015-00726**

To whom it may concern,

I write on behalf of my client Amanda Johnson, a PhD student at the Massachusetts Institute of Technology. She filed a request 837 days ago for basic material concerning the CIA's public-facing activity on social media. Based on our communication and correspondence, we are not confident that the CIA has even begun to process this request, let alone produce records. Indeed, all evidence suggests that whatever department of the CIA is processing this request has been stalling on this request for over two years. I write to demand the immediate production of the requested records.

On December 19, 2014, Ms. Johnson sent a request to the CIA for the following records:

1. A copy of any electronic or written communication, including emails and email attachments, discussing the CIA's public-facing Twitter account, @*CIA*, sent between Twitter, Inc. or a representative thereof, and any employee in the CIA's Office of Public Affairs.[1]

2. A copy of any documents or materials, including but not limited to, guides, manuals, handbooks, policies, or presentations used to instruct or train agency personnel in the use of the agency's public-facing Twitter account, @*CIA*.[2]

---

[1] Ms. Johnson further clarified that this request was meant to cover correspondence sent from Twitter and correspondence sent from CIA personnel. She further noted that these communications would have to exist because the CIA's Twitter account was "verified," which at the time of this request was only done through correspondence between Twitter and the account holder. *See* Initial Request, Exhibit A, attached.
[2] Ms. Johnson referenced an article wherein CIA's then-Director of Public Affairs, Dean Boyd, discussed the CIA's communication strategy with respect to its Twitter account, strongly suggesting that there were internal policies adopted, formally or informally, to train CIA staff. *See* Exhibit A, attached.

3.   The list of user applications connected to the CIA's public-facing Twitter account, *@CIA*.[3]

This request is part of larger research to understand governmental outreach, authority, and identity construction via social media that Ms. Johnson conducts as a PhD candidate in MIT's Doctoral Program in History, Anthropology, and Science, Technology, and Society. The requested documentation of the inner workings of the account will offer important insights on how the CIA shapes itself in relation to the public and how and what it communicates to the public.

Ms. Johnson made her request over two years ago. By law, the request should have been processed by February 2, 2015.[4] Many FOIA requesters would have sued the very next day, but Ms. Johnson knew that requests can backlog, and gave the CIA additional time to respond. When the CIA asked her in March 2015 to wait until September 2015 to follow up, she honored its request. When, in September 2015, the CIA asked for an extension to February 2016, she again honored its request. When, in May 2016, she still had not heard from the Agency, she exercised the offer the CIA made available to her to "consider [the CIA's] honest appraisal as a denial of [her] request and … appeal to the Agency Release Panel."[5] In June, the CIA responded to that appeal, contradicting its previous statement and denying her ability to appeal this request, thus forcing her to continue to wait without so much as an updated estimated completion date.

Ms. Johnson opted at that time to let the CIA continue to process this request, but after an additional six months had passed, I called on her behalf. After exchanging messages, I spoke to a FOIA case officer on December 14, 2016. The case officer informed me that his office had referred this request to a different department within the Agency, but refused to say which department, whether this department had a backlog, where this request was in the queue (either in this department or generally), or whether this department had a reason to explain the delay. I exchanged messages with him again on December 21, February 2, March 13, and April 3, and each time he refused to give us the most basic of details about when the request will be processed. Indeed, it has felt as though the longer this request has been lingering, the less information Ms. Johnson has received from the CIA about the status of her request.

It in fact appears as though Ms. Johnson's request was deliberately skipped in the CIA's queue, in violation of the agency's first-in-first-out standard for processing requests.[6] In the agency's most recent annual report to the Attorney General, the CIA reported 1,469 outstanding requests at the end Fiscal Year 2016 (October 31, 2016).[7] Ms. Johnson's was the 726th request of Fiscal Year 2015, and the CIA has reported 1,034 outstanding requests at the start of the same fiscal year,[8] placing her roughly at 1,760th in line when her request was first received.

And yet, the agency reported to the Attorney General that it has processed over 5,000 requests since that time.[9] Indeed, a cursory review of records posted online shows numerous requests made after Ms. Johnson's that have been processed.[10] Ms. Johnson reached out on several occasions after her initial request offering to

---

[3] Her request included step-by-step instructions by which a person logged in to the CIA's Twitter account could retrieve this record. *See* Exhibit A, attached.
[4] That is, 20 business days from the receipt of this request on January 2, 2015. *See* 5 U.S.C. § 552(a)(6)(A)(i)
[5] *See* First CIA Response, Exhibit C, attached.
[6] *See* 32 C.F.R. § 1900.33(b).
[7] CIA, *Appendix to FY2016 Report, available at* https://www.cia.gov/library/readingroom/docs/CIA_FY2016_Final.pdf.
[8] CIA, *Appendix to FY2015 Report, available at* https://www.cia.gov/library/readingroom/docs/CIA_FY2015_Final.pdf.
[9] This is based on a reported processing of 3,181 requests in Fiscal Year 2015, and a processing 2,208 requests in Fiscal Year 2016. CIA, *supra* note 7; CIA, *supra* note 8.
[10] *See, e.g.*, Letter from Michael Lavergne, Info. and Privacy Coordinator, Central Intelligence Agency, to Jacob Silverman, MuckRock News (Oct. 18, 2016) (stating that a search revealed 261 documents in response to a Sept. 2, 2016 FOIA request), *available at* https://www.muckrock.com/foi/united-states-of-america-10/larry-wu-tai-chin-cia-files-28068/#file-106266; Letter from Michael Lavergne, Info. and Privacy Coordinator, Central Intelligence Agency, to Omar S. Antar, MuckRock News (Nov. 2, 2016) (providing responsive documents to a request made on March 31, 2016), *available*

assist in its processing, and left the CIA alone when the agency told her to do so. Despite her patience and her good faith efforts at cooperation, the CIA appears to have both passed over her request and locked her into a state of limbo, unwilling to share even the most basic of information concerning when her request will be processed.

Ms. Johnson has had grounds to sue on this request for more than two years, but has refrained from doing so in the interests of cooperation. She can wait no longer. In the event that Ms. Johnson has not begun to receive documents related to this request by **May 3, 2017**, she will have no choice but to file suit to compel the release of the requested documents. It is regrettable that this action would be necessary for such a simple and non-controversial request, but the CIA's persistent refusal to honor the law leaves her little choice.

I hope that the CIA will recognize its error, avoid such needless litigation, and promptly produce the records instead. You may deliver such records to me at the address below, or via email (sellars@bu.edu). Of course, if you have any questions about the information above please let me know.

Nothing herein shall be deemed an admission or waiver of any rights, remedies, defense, or positions, all of which are expressly reserved.

Very truly yours,

Andrew F. Sellars
Director, Technology & Cyberlaw Clinic
Boston University School of Law
765 Commonwealth Avenue, Suite 1303B
Boston, MA 02215
(617) 358-7377
sellars@bu.edu

*at* https://www.muckrock.com/foi/united-states-of-america-10/all-information-records-and-communications-about-and-between-nypd-and-cia-24492/#file-108032; Letter from Michael Lavergne, Info. and Privacy Coordinator, Central Intelligence Agency, to J. K. Trotter, MuckRock News (Dec. 16, 2015) (providing responsive documents to a request made on November 2, 2015), *available at* https://www.muckrock.com/foi/united-states-of-america-10/fy2014-foia-log-central-intelligence-agency-22058/#file-68225.

## Exhibit A

Initial Request
December 19, 2014

**Massachusetts Institute of Technology**

**Amanda Johnson**
PhD candidate

**HASTS Program**
Building E51–163

77 Massachusetts Avenue
Cambridge, Massachusetts
02139–4307

Phone    617–253–9759
Fax       617–258–8118
Email     amyj@mit.edu
http://web.mit.edu/hasts/

December 19, 2014

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Dear Coordinator:

Under the Freedom of Information Act, 5 U.S.C. § 552, I hereby request the following records, all of which you may limit to those created between August 1, 2012 and the date that this request is processed:



- A copy of any electronic or written communication, including emails and email attachments, discussing the CIA's public-facing Twitter account, *@CIA*, sent between Twitter, Inc. or a representative thereof, and any employee in the CIA's Office of Public Affairs. The request is meant to include both records sent from Twitter to CIA personnel as well as records sent from CIA personnel to Twitter. This correspondence would exist, as it is a necessary component of the process by which Twitter certifies certain accounts as "verified," and the CIA has a verified Twitter account. CIA Director of Public Affairs Dean Boyd discussed the CIA's use of this verified, public-facing Twitter account on the CBS News story available at http://www.cbsnews.com/news/cia-twitter-account-an-inside-look-cia/.

- A copy of any documents or materials, including but not limited to, guides, manuals, handbooks, policies, or presentations used to instruct or train agency personnel in the use of the agency's public-facing Twitter account, *@CIA*. This request includes any documents that speak to the style or tone that agency personnel are directed to adopt in their use of this account.

- The list of user applications connected to the CIA's public-facing Twitter account, *@CIA*. This record is stored on the *@CIA* Twitter account webpage and can be accessed by logging into the account, clicking on the user icon in the top right corner, selecting "Settings," and then selecting "Apps." It can also be accessed by logging into the account and navigating to the following web address: https://twitter.com/settings/applications.

I also ask that any fees be waived, as I believe this request is in the public interest. I am a researcher in the Massachusetts Institute of Technology's (MIT) Doctoral Program in History, Anthropology, and Science, Technology, and Society (HASTS) as well as a Research Affiliate at the Berkman Center for Internet and Society at Harvard University. I am studying the government's use of social media from an anthropological perspective, and I will be including an original analysis of the requested documents in a research article on that subject, which I will make available to the public, as is custom in my field.

At a minimum, I request that any fees be assessed in accordance with a reduced fee category. I believe that I qualify as an Educational Requester, as my research is sponsored by MIT, an accredited U.S. educational institution, and the requested information will be used in a scholarly work contributing to public knowledge of government activity and disseminated to the public.

In the alternative, I believe that I qualify as a representative of the news media, as I will use my editorial skills to incorporate the requested documents into a distinct work that will be published as well as made available to the general public at two digital repositories known as ProQuest and DSpace, respectively. The requested information, as analyzed, will shed light on the government's use of social media, which is

Information and Privacy Coordinator, Central Intelligence Agency
Re: FOIA Request for Records related to @CIA Twitter account
December 19, 2014
Page 2 of 2

of current interest to the public. I also write about these issues in Medium, and have previously written in other areas for the *San Francisco Chronicle*.

In the event that fees cannot be waived, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request be filled electronically by e-mail attachment if possible, or by CD-ROM if not. Please send any physical records to the address located in my signature block.

If you deny any part of this request, please cite each specific exemption you think justifies your refusal to release the information and notify me of appeal procedures available under the law.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days.

If you have any questions about handling this request, you may telephone me at 510-757-8833.

Sincerely,

Amanda Johnson
Berkman Center for Internet & Society
23 Everett St., 2nd Fl., Cambridge, MA 02138
amyj@mit.edu

<u>Exhibit B</u>

First Follow-up Letter
January 28, 2015

**Massachusetts Institute of Technology**

**Amanda Johnson**
PhD candidate

**HASTS Program**
Building E51–163

77 Massachusetts Avenue
Cambridge, Massachusetts
02139–4307

Phone   617–253–9759
Fax      617–258–8118
Email    amyj@mit.edu
http://web.mit.edu/hasts/

January 28, 2015

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Dear Coordinator:

I'm writing to follow-up on the Freedom of Information Act request reproduced below. I originally submitted the request on December 19, 2014, and I was wondering when I could expect to receive a response. Of course, I would be happy to provide additional or clarifying information if doing so would assist you in your efforts to process this request. Thank you for your continued attention to this matter.



Sincerely,

Amanda Johnson
Berkman Center for Internet & Society
23 Everett St., 2nd Fl., Cambridge, MA 02138
amyj@mit.edu

<u>Exhibit C</u>

First CIA Response
January 30, 2015

Central Intelligence Agency



Washington, D.C. 20505

30 January 2015

Ms. Amanda Johnson
Massachusetts Institute of Technology
Berkman Center for Internet & Society
23 Evertt Street, 2nd Floor
Cambridge, MA  02138

Reference:  F-2015-00726

Dear Ms. Johnson:

On 2 January 2015, the office of the Information and Privacy Coordinator received your 19 December 2014 Freedom of Information Act (FOIA) request for the following records, which may be limited to those created between August 1, 2012 and the date this request is processed:

1. **A copy of any electronic or written communication, including emails and email attachments, discussing the CIA's public-facing Twitter account, @CIA, sent between Twitter, Inc. or a representative thereof, and any employee in the CIA's Office of Public Affairs.**
2. **A copy of any documents or materials, including but not limited to, guides, manuals, handbooks, policies, or presentations used to instruct or train agency personnel in the use of the agency's public-facing Twitter account, @CIA.**
3. **The list of user applications connected to the CIA's public-facing Twitter account, @CIA.**

We have assigned your request the reference number above. Please use this number when corresponding so that we can identify it easily.

The CIA Information Act, 50 U.S.C. § 431, as amended, exempts CIA operational files from the search, review, publication, and disclosure requirements of the FOIA.  To the extent your request seeks information that is subject to the FOIA, we accept your request, and we will process it in accordance with the FOIA, 5 U.S.C. § 552, as amended. We will search for records up to and including the date the Agency starts its search. In accordance with our regulations, as a matter of administrative discretion, the Agency has waived the fees for this request.

The large number of FOIA requests CIA receives has created unavoidable delays making it unlikely that we can respond within the 20 working days the FOIA requires. You have the right to consider our honest appraisal as a denial of your request and you may appeal to the Agency Release Panel.  A more practical approach would permit us to continue processing your request and respond to you as soon as we can.  You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish.  We will proceed on that basis unless you object.

Sincerely,

John Giuffrida
Acting Information and Privacy Coordinator

<u>Exhibit D</u>

Second CIA Response
March 23, 2015

Central Intelligence Agency



Washington, D.C. 20505

23 March 2015

Ms. Amanda Johnson
Massachusetts Institute of Technology
Berkman Center for Internet & Society
23 Evertt Street, 2nd Floor
Cambridge, MA  02138

Reference:  F-2015-00726

Dear Ms. Johnson:

This acknowledges receipt of your 28 January 2015 letter, received in the office of the Information and Privacy Coordinator on 4 February 2015, requesting an estimated completion date concerning your 19 December 2014 Freedom of Information Act request for the following records, which may be limited to those created between August 1, 2012 and the date this request is processed:

1. **A copy of any electronic or written communication, including emails and email attachments, discussing the CIA's public-facing Twitter account, @CIA, sent between Twitter, Inc. or a representative thereof, and any employee in the CIA's Office of Public Affairs.**
2. **A copy of any documents or materials, including but not limited to, guides, manuals, handbooks, policies, or presentations used to instruct or train agency personnel in the use of the agency's public-facing Twitter account, @CIA.**
3. **The list of user applications connected to the CIA's public-facing Twitter account, @CIA.**

Please be assured that your request is still in process.  We can appreciate your concern with not having received a final response to your request.  It is the overwhelming number of requests and their complexity that causes delays in our responses.  We are making every effort to complete it as soon as possible.  Per your request, we have checked on the status and have been provided an estimated completion date of 10 September 2015.  Please note, this is only an estimated date and is subject to change.  In the future, we will not acknowledge or respond to any additional queries regarding the status of this request until after 10 September 2015.  Meanwhile, we appreciate your patience and understanding while we continue to process your request.

Sincerely,

Michael Lavergne

Michael Lavergne
Information and Privacy Coordinator

<u>Exhibit E</u>

Second Follow-up Letter
September 21, 2015

**Massachusetts Institute of Technology**

**Amanda Johnson**
PhD candidate

**HASTS Program**
Building E51–163

77 Massachusetts Avenue
Cambridge, Massachusetts
02139–4307

Phone   617–253–9759
Fax       617–258–8118
Email    amyj@mit.edu
http://web.mit.edu/hasts/

September 21, 2015

Mr. Michael Lavergne
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

**RE: FOIA Request No. F-2015-000726**

Dear Mr. Lavergne,

I'm writing to follow-up on the Freedom of Information Law request reproduced below, to which your office assigned the reference number F-2015-00726. I originally submitted the request on December 19, 2014, and received a letter from your office dated March 23, 2015 estimating that a final response to the request would be complete by September 10, 2015.



Accordingly, I'm following up now to find out when I can expect to receive a final response. Of course, I would be happy to provide additional or clarifying information if doing so would assist you in your efforts to process this request. If you have any questions, please feel free to telephone me at 510-757-8833.

Sincerely,

Amanda Johnson
Berkman Center for Internet & Society
23 Everett St., 2nd Fl., Cambridge, MA 02138
amyj@mit.edu

<u>Exhibit E</u>

Third CIA Response
October 8, 2015

Central Intelligence Agency



Washington, D.C. 20505

8 October 2015

Ms. Amanda Johnson
Massachusetts Institute of Technology
Berkman Center for Internet & Society
23 Everett Street, 2nd Floor
Cambridge, MA  02138

Reference:  F-2015-00726

Dear Ms. Johnson:

This acknowledges receipt of your 21 September 2015 letter, received in the office of the Information and Privacy Coordinator on 2 October 2015, requesting an estimated completion date concerning your 19 December 2014 Freedom of Information Act request for the following records, which may be limited to those created between August 1, 2012 and the date this request is processed:

1. **A copy of any electronic or written communication, including emails and email attachments, discussing the CIA's public-facing Twitter account, @CIA, sent between Twitter, Inc. or a representative thereof, and any employee in the CIA's Office of Public Affairs.**
2. **A copy of any documents or materials, including but not limited to, guides, manuals, handbooks, policies, or presentations used to instruct or train agency personnel in the use of the agency's public-facing Twitter account, @CIA.**
3. **The list of user applications connected to the CIA's public-facing Twitter account, @CIA.**

Please be assured that your request is still in process, and we are making every effort to complete it as soon as possible. Our records show that we provided you with a previous estimated completion date of 10 September 2015 which expired.  Therefore, we checked on the status and have been provided an updated estimated completion date of 9 February 2016.  **In the future, we will not acknowledge or respond to any additional queries regarding the status of this request until after 9 February 2016.**  Meanwhile, we appreciate your patience and understanding while we continue to process your request.

Sincerely,

*Michael Lavergne*

Michael Lavergne
Information and Privacy Coordinator

<u>Exhibit F</u>

Third Follow-up Letter
March 23, 2016

**Massachusetts Institute of Technology**

**Amanda Johnson**
PhD candidate

**HASTS Program**
Building E51–163

77 Massachusetts Avenue
Cambridge, Massachusetts
02139–4307

Phone   617–253–9759
Fax       617–258–8118
Email     amyj@mit.edu
http://web.mit.edu/hasts/

March 23, 2016

Michael Lavergne
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

**Re: FOIA Request F-2015-00726**

Dear Mr. Lavergne:

I am writing to follow up on the Freedom of Information Law request, reproduced below, that I originally submitted to the Central Intelligence Agency on December 19, 2014. You responded in a letter dated January 30, 2015, acknowledging the request and assigning it tracking number F-2015-00726. You subsquently provided an estimated completion date of September 10, 2015, and then a revised completion date of February 9, 2016.



I understand that your office is busy, and requests can often backlog. Given, however, that more than 15 months have passed since my initial request, I believe your office has had more than adequate time to respond and produce the narrow set of records it seeks. I remain more than willing to help clarify the request or discuss this further if needed, but if I do not receive a response by April 23, 2016, I will treat this as a constructive denial and pursue an administrative appeal. If you have any questions, please feel free to contact me at 510-757-8833.

Sincerely,

Amanda Johnson
Berkman Center for Internet & Society
23 Everett St., 2nd Fl., Cambridge, MA 02138
amyj@mit.edu

<u>Exhibit G</u>

Administrative Appeal
May 17, 2016



## CYBERLAW CLINIC
### Harvard Law School | Berkman Center for Internet & Society

Andrew F. Sellars
Clinical Fellow
Direct dial: 617-384-9128
Email: asellars@cyber.law.harvard.edu

Admitted to Practice: MA, NY

**May 17, 2016**

**Via U.S. Mail**

Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

**Re:     FOIA Appeal – Reference No. F-2015-00726**

To the members of the Agency Release Panel,

The Harvard Law School Cyberlaw Clinic represents Amanda Johnson, a PhD student at the Massachusetts Institute of Technology. Pursuant to 32 C.F.R. § 1900.42, Ms. Johnson hereby appeals the constructive denial of her request from December 19, 2014, assigned tracking number F-2015-00726. This straightforward request has been before the Information and Privacy Coordinator's office for over 500 days. The office has passed multiple internally-imposed deadlines, and exceeded the duration limits of the statute nearly 20 times over. We therefore ask this Panel to order the immediate production of these records.

### A.  Background

Ms. Johnson requested the following three sets of records from the Information and Privacy Coordinator, limited to those created between August 1, 2012 and the date the request is processed:

1.  A copy of any electronic or written communication, including emails and email attachments, discussing the CIA's public-facing Twitter account, *@CIA*, sent between Twitter, Inc. or a representative thereof, and any employee in the CIA's Office of Public Affairs. The request is meant to include both records sent from Twitter to CIA personnel as well as records sent from CIA personnel to Twitter.

This correspondence would exist, as it is a necessary component of the process by which Twitter certifies certain accounts as "verified," and the CIA has a verified Twitter account. CIA Director of Public Affairs Dean Boyd discussed the CIA's use of this verified, public-facing Twitter account on the CBS News story available at http://www.cbsnews.com/news/cia-twitter-account-an-inside-look-cia/.

2.  A copy of any documents or materials, including but not limited to, guides, manuals, handbooks, policies, or presentations used to instruct or train agency personnel in the use of the agency's public-facing Twitter account, *@CIA*. This request includes any documents that speak to the style or tone that agency personnel are directed to adopt in their use of this account.

3.  The list of user applications connected to the CIA's public-facing Twitter account, *@CIA*. This record is stored on the *@CIA* Twitter account webpage and can be accessed by logging into the account, clicking on the user icon in the top right corner, selecting "Settings," and then selecting "Apps." It can also be accessed by logging into the account and navigating to the following web address: https://twitter.com/settings/applications.[1]

Forty days after her request, Ms. Johnson sent a followup letter to confirm receipt of her request.[2] Acting Information and Privacy Coordinator John Giuffrida acknowledged the request on January 30, 2015 and assigned it reference number F-2015-00726.[3] On March 23, 2015, Information and Privacy Coordinator Michael Lavergne wrote to Ms. Johnson, estimated that the records would be produced by September 10, 2015, and instructed Ms. Johnson not to inquire about these records again until that time.[4]

Ms. Johnson honored that request, and on September 21, 2015, she wrote to followup again.[5] Mr. Lavergne responded on October 8, 2015, moving the estimation to February 9, 2016, and again asked Ms. Johnson (this time in bolded text) not to contact the Agency again until that time.[6]

Once again, Ms. Johnson honored that request. On March 23, 2016, she wrote again to the Agency, inquiring as to why the Agency had missed their second deadline. She noted in that response that the Agency has had the request pending for over 15 months, and while she was wiling to work with them to clarify the request or discuss further, she would treat

---

[1] *See* Exhibit A, enclosed.
[2] *See* Exhibit B, enclosed.
[3] *See* Exhibit C, enclosed.
[4] *See* Exhibit D, enclosed.
[5] *See* Exhibit E, enclosed.
[6] *See* Exhibit F, enclosed.

this inaction as a constructive denial if she did not receive a response by April 23, 2016.[7]
The Agency has yet to acknowledge this letter.

### B.   There is No Valid Reason to Continue Delaying Ms. Johnson's Request

That the CIA, for understandable reasons, can take far longer than most agencies to process
FOIA requests is well documented, but this particular request appears to have taken
considerably longer than even the CIA's normal response time.[8] It is hard to see why this
would be the case. Ms. Johnson's request was tailored to a specific date range, department,
and topic, and provided copious explanatory information to help the Agency interpret the
request. The request seeks only information concerning the Agency's public-facing public
relations activities, and not any clandestine uses of social media. For part of the request,
Ms. Johnson even explained specifically how to retrieve the information requested.

There can be no doubt that Ms. Johnson satisfied her obligations under FOIA. The standard
imposed by FOIA is a liberal standard for identification, requiring only that the requester
provide enough for an agency professional with familiarity in the subject area to locate the
records sought.[9] And while she had the right to appeal this refusal 480 days ago, she gave
the CIA the time it requested to process this request. Considering how many other
requesters routinely pester the agency with threats of litigation — one assumes to the
frustration of this Agency — it is unfortunate that her cooperation has not been
reciprocated.

### C.   The CIA May No Longer Charge Fees for this Request

At the time of this request, Ms. Johnson raised several arguments as to why she should not
be charged fees for this request. Those arguments are now irrelevant, however, because of
the significant delays on the part of the Agency in processing this request. Under FOIA,
fees must be waived when an agency does not comply with the time limits imposed by
FOIA.[10] No possible construction of those timelines would allow the Agency to ignore this
request for over 500 days and still seek fees.

---

[7] *See* Exhibit G, enclosed.
[8] *See, e.g.*, *Nat'l Security Counselors v. CIA*, 898 F. Supp. 233, 259 (D.D.C. 2012) (noting
that the CIA takes an average of 143 days to respond to a "complex" request); Freedom of
Information Act Annual Report, Fiscal Year 2015, CIA at 21–22 (2016) (only 13 out of
1,497 processed "simple" requests, and only 72 out of 1,373 processed "complex" requests,
took longer than 400 days to process).
[9] *Nat'l Security Counselors*, 898 F. Supp. 2d at 274.
[10] 5 U.S.C. § 552(a)(4)(A)(viii).

**D.  Conclusion**

For these reasons, we respectfully request that this office remand this request to the Information and Privacy Coordinator with specific instructions to promptly produce the information requested.

Respectfully submitted,

Andrew F. Sellars
Clinical Fellow, Cyberlaw Clinic
Harvard Law School
1585 Massachusetts Ave.
Cambridge, MA 02138
asellars@cyber.law.harvard.edu
(617) 384-9128

<u>Exhibit H</u>

Notice of Transfer
June 3, 2016



CYBERLAW CLINIC
Harvard Law School  |  Berkman Center for Internet & Society

Andrew F. Sellars<br>
Clinical Fellow<br>
Direct dial: 617-384-9128<br>
Email:  asellars@cyber.law.harvard.edu<br>
<br>
Admitted to Practice:  MA, NY

**June 3, 2016**

<u>**Via U.S. Mail.**</u>

Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

**Re:**     **FOIA Appeal – Reference No. F-2015-726**

To the members of the Agency Release Panel,

I write to follow up on the administrative appeal I filed with this office on behalf of Ms. Amanda
Johnson on May 17, concerning FOIA request No. F-2015-726. Please be advised that effective next
week I am changing legal clinics, and will now be representing Ms. Johnson from my new clinic at
the Boston University School of Law. You can direct all further correspondence to:

> Andrew Sellars
> Director, BU/MIT Technology & Cyberlaw Clinic
> Boston University School of Law
> 765 Commonwealth Ave.
> Boston, MA 02215
> sellars@bu.edu

Thank you very much, and please let me know if you have any questions about the above. I look
forward to hearing from you soon concerning our administrative appeal.

Sincerely,

Andrew F. Sellars

---

<u>Exhibit I</u>

CIA Email
June 21, 2016

CIA FOIA Case F-2015-00726

**Subject:** CIA FOIA Case F–2015–00726
**From:** CIA FOIA <cia_foia@ucia.gov>
**Date:** 6/21/16, 12:49 PM
**To:** "'sellars@bu.edu'" <sellars@bu.edu>

Good Afternoon Mr. Sellars—

The CIA FOIA office received your 17 May 2016 and 3 June 2016 letters concerning Ms. Amanda Johnson's FOIA request, F-2015-00726.  Please be assured we are actively working with the appropriate components within the Agency to identify any and all records that may be responsive to Ms. Johnson's request.  Unfortunately, like many federal agencies, we are experiencing a tremendous backlog of FOIA requests and that creates significant delays in providing responses.  We strive to process all FOIA requests on a "first-in, first-out" basis and Ms. Johnson's case is in our active queue.

With regards to your administrative appeal, a requester must submit an administrative appeal pursuant to an agency's regulations.  A requester certainly has a right to appeal an adverse determination; however, under our regulations, adverse determinations only include denials of records in full or in part; "no records" responses; denials of requests for fee waivers; and denials of requests for expedited processing.  With regards to Ms. Johnson's FOIA case, we have not yet rendered an adverse determination.  We are continuing to actively process the request and the timeliness of our response is not subject to an administrative appeal.  This case cannot go before the Agency Release Panel as there is no decision for it to adjudicate.

Please let me know if you have further questions in regards to this case.

Michael Lavergne
Information and Privacy Coordinator
703-613-1287