UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA JOHNSON )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>CENTRAL INTELLIGENCE AGENCY )<br>)<br>*Defendant.* )<br>) | Case No. 1:17-cv-10789-JGD |

**JOINT STATUS REPORT**

Plaintiff, Dr. Amanda Johnson, and Defendant, the Central Intelligence Agency ("CIA"), submit this joint status report in response to the Court's Modified Scheduling Order dated October 10, 2017. (ECF No. 18.) The parties disagree as aspects of the status of the case as it stands, and therefore submit separate statements detailing their contentions and proposals for how the Court should proceed.

On May 4, 2017, Plaintiff filed a complaint with this Court requesting that the Court compel production of three sets of records requested under the Freedom of Information Act on December 19, 2014. (*See* Complaint ¶¶ 11-12, ECF No. 1.)  The requested records are:

1. A copy of any electronic or written communication discussing the @CIA Account, including emails and email attachments, sent between Twitter and the CIA;

2. A copy of any documents or materials, including but not limited to, guides, manuals, handbooks, policies, or presentations used to instruct or train agency personnel in the use of the @CIA Account; and

3. The list of user applications connected to the @CIA Account on the Twitter platform. For this aspect of the request, Dr. Johnson provided the CIA step-by-step instructions and a specific website URL that the CIA could use to retrieve the requested record.

(Complaint ¶ 11, ECF No. 1; Answer ¶ 11, ECF No. 8.)

On September 18, 2017, attorneys for Plaintiff and Defendant appeared for a scheduling conference before this Court. In a joint statement to the court in preparation for the scheduling conference, Plaintiff and Defendant agreed to a schedule under which Defendant committed to produce responsive documents by September 30, 2017. (*See* Rule 16.1 Joint Statement, ECF 10.) The schedule agreed upon at the scheduling hearing included a deadline for the parties to file a joint status report of November 3, 2017. (*See* Clerk's Notes From Scheduling Conference, ECF No. 14.)

Defendant notified Plaintiff in advance of September 30 that they would not be able to meet this deadline. On October 6, 2017, the parties agreed to a joint motion to modify the Scheduling Order to include an order from this Court requiring Defendant to deliver records responsive to Plaintiff's FOIA request by October 20, 2017. (ECF No. 16.) This Court granted the modified Scheduling Order on October 10, 2017, and specifically ordered Defendant to "deliver[] all responsive records by October 20, 2017, at 5pm EDT." (See Order, ECF 17.)

On October 20, 2017, Defendant mailed a package containing responsive documents by FedEx, which Plaintiff received on October 23, 2017. The package contained eighteen documents totaling 66 pages. 50 pages of the 66 were redacted in part, and 10 pages were redacted in full.

Since the time Plaintiff received delivery of the aforementioned documents from Defendant, the parties have conferred as to the Plaintiff's production. The parties have differing views on the adequacy of Defendant's search, as well as the applicability of exemptions to redacted portions of the production. The parties hereby set forth their respective contentions as to the status of this case and their respective proposals on how this case should proceed.

Plaintiff's Position

After reviewing the documents delivered by Defendant in response to Plaintiff's FOIA request, Plaintiff notified Defendant by email on October 25, 2017 that the documents delivered were not fully responsive to the FOIA request. In this email, Plaintiff made several points regarding the adequacy of the search and the applicability of the exemptions claimed by Defendant. Plaintiff specifically contended in that email that:

1. The third part of the request was not acknowledged at all in the CIA's response. Plaintiff noted that this part of the request included step-by-step instructions for retrieving the record, which Plaintiff again repeated in this email.

2. The emails produced between the CIA Office of Public Affairs and Twitter indicate the existence of prior conversations between these parties that were not disclosed. Specifically, the material did not include the emails that would have necessarily occurred between the parties when initially having the account "verified" by Twitter, which at the time it occurred required direct correspondence. Plaintiff further noted that Defendant's record retention system would have preserved those emails.

3. Plaintiff noted that the produced records indicate the existence of other records that a reasonable search would have produced. Defendant produced a document

    entitled "OPA Standard Operating Procedures: Public Web Applications/Social Media Accounts," which indicates that all publications to the platform Twitter are submitted for pre-publication review before they are posted online. The documents around that review are materials used to instruct personnel on the operation of the @CIA Twitter account, and thus fall under the second part of Plaintiff's request.

4. Plaintiff noted that prior statements and news reports indicate the existence of other records that are subject to production. For example, the news site BuzzFeed reported in 2015 that former CIA Director John Brennan personally selected the agency's first post to Twitter. See Hayes Brown, *The CIA Is Run By A Bunch Of Nerds Who Call Their Twitter Manager "Khaleesi"*, BuzzFeed (Aug. 25, 2015), https://www.buzzfeed.com/hayesbrown/the-head-of-the-cia-chose-the-agencys-first-tweet-ever-new-i. The CIA has also given public presentations about the internal operation of the Twitter account, including at panels at the leading nationwide technology conference SXSW ("South by Southwest"). See CIA, *For Your Eyes Only: Communicating Secrets @CIA*, SXSW Panel Picker, http://panelpicker.sxsw.com/vote/48796 (last visited Oct. 25, 2017). Records related to these events would also be subject to production, and were not produced.

Plaintiff raised other concerns with the production as well, including questions as to the merits of withheld material under certain FOIA Exemptions, and that Defendant had yet to produce a declaration detailing the date and methods of the search conducted.

Defendant has opted to move to briefing on Summary Judgment, rather than cure these four obvious defects in their initial search. *See Valencia-Lucena v. Coast Guard*, 180 F.3d 321, 317 (D.C. Cir. 1999) ("It is well settled that if an agency has reason to know that certain places may contain responsive documents, it is obligated under FOIA to search barring undue burden."). Plaintiff therefore asks this Court to order that Defendant conduct an adequate search responsive to Plaintiff's request, before proceeding to Summary Judgment briefing.

In order for an agency to fulfill its obligations under the Freedom of Information Act, the agency must demonstrate that its search was reasonably calculated to uncover all relevant documents. *Maynard v. CIA*, 986 F.2d 547, 559–61 (1st Cir. 1993). That is, "the agency must show that it made a good faith effort to search for the requested records, using methods which can be reasonably expected to produce the information requested. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Maynard*, 986 F.2d at 559. Summary Judgment is inappropriate where there are positive indications of overlooked materials. *Moffat v. Dep't of Justice*, No. 09-cv-12067, 2011 WL 3475440 at *7 (D. Mass. Aug. 5, 2011); *Oglesby v. Dep't of Army*, 79 F.3d 1172, 1185 (D.C. Cir. 1996); *see Elec. Privacy Info. Ctr. v. Dep't of Justice*, 82 F. Supp. 3d 307, 315–16 (D.D.C. 2015).

Here, there can be no doubt that Defendant has yet to complete an adequate search. As to the first concern raised, Plaintiff has gone as far to provide step-by-step instructions to retrieve the record. To complete this portion, Defendant need only log into the @CIA Twitter account, navigate to the URL https://twitter.com/settings/applications, and produce the page that loads to the Plaintiff. Defendant has by all accounts not yet even endeavored to follow these instructions, and offers no explanation as to why. As to the other records, Plaintiff has provided specific guidance based on the information available to her as to what would be an adequate search,

referencing all available existing documents to help Defendant along.  Defendant now has an obligation to search in the places indicated by Plaintiff, but has refused to do so. *See Valencia-Lucena*, 180 F.3d at 317.

"[W]hat is troublesome is not necessarily that the CIA has not produced in this litigation certain information that may be exempted from disclosure, but that the CIA has failed to squarely address plaintiffs' evidence strongly indicating that the agency does possess the information sought." *Hall v. CIA*, No. 04-cv-814, 2017 WL 3328149 at *9 (D.D.C. Aug. 9, 2017).  While FOIA cases are usually resolved through Summary Judgment briefing, that briefing is usually only done after there has been some attempt at an adequate search.  To move to Summary Judgment briefing before these simple steps are taken is, simply put, a waste of this Court's time.  All evidence suggests Defendant has not yet conducted an adequate search for requested records, and such briefing may not even be necessary if they would simply do so.  Plaintiff therefore asks this court to order the Defendant to conduct a further search responding to the four specific concerns listed above, and deliver the records in a manner such that they will be received by Plaintiff's attorney before 5pm EST on **November 22, 2017**.  With that additional step, Plaintiff would then agree to Defendant's briefing schedule.

Defendant's Position

Defendant suggests that the appropriate vehicle for deciding the issues raised by Plaintiff is motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.  FOIA actions are "generally and most appropriately" adjudicated through summary judgment. Cunningham v. U.S. Department of Justice, 40 F. Supp.3d 71, 82 (D.D.C. 2014); National Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement, 811 F.Supp.2d 713, 732-733 (S.D.N.Y. 2011), citing Bloomberg L.P. v. Board of Governors of the Fed. Reserve

Sys., 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009); Miscavige v. Internal Revenue Serv., 2 F.3d 366, 369 (11th Cir. 1993). *See* Stalcup v. CIA, 768 F.3d 65, 69 (1st Cir. 2014); Church of Scientology v. United States Dept. of Justice, 30 F.3d 224 (1994); Maynard v. CIA, 986 F.2d 547, 550 (1st Cir. 1994).

It is in the context of motions for summary judgment that the Court determines whether the agency's search was "reasonably calculated to discover the requested documents," and whether the affidavits submitted by the government support the government's claims of exemption from disclosure. Church of Scientology, 30 F.3d at 229-230. Oleskey ex rel. Boumediene v. U.S. Dept. of Defense, 658 F. Supp.2 288, 294 (D. Mass. 2009) (*quoting* Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). *See also*, Sephton v. FBI, 442 F.3d 27, 29 (1st Cir. 2006).

Plaintiff raises questions regarding the Defendant's disclosure of documents that can be addressed by Defendant in a motion for summary judgment, pursuant to a schedule set by the Court. It is inappropriate, in Plaintiff's view, to brief and decide the issues in the case at the stage of a status report.

It is the Defendant's contention that a reasonable search was conducted in response to Plaintiff's FOIA request. Defendant contends that there were no responsive records to the third portion of the FOIA request. Defendant does not agree that any additional production is warranted at this time. Accordingly, Defendant requests that the Court order a litigation schedule consisting of a deadline of **January 15, 2018** for Defendant to file the motion for Summary Judgment, and a deadline of **February 15, 2018** for Plaintiff to file her pleading.

7

Dated: November 2, 2017                                    Respectfully submitted,

| | |
|---|---|
| AMANDA JOHNSON, | CENTRAL INTELLIGENCE AGENCY, |
| By her counsel, | By their attorneys, |
| /s/ Andrew F. Sellars | WILLAM D. WEINREB |
| ANDREW F. SELLARS (BBO No. 682690) | Acting United States Attorney |
| BU/MIT Technology & Cyberlaw Clinic | |
| Boston University School of Law | By: /s/ Anita Johnson |
| 765 Commonwealth Avenue | ANITA JOHNSON (BBO No. 565540) |
| Boston, MA 02215 | Assistant United States Attorney |
| sellars@bu.edu | United States Attorney's Office |
| Tel: (617) 358-7377 | John Joseph Moakley U.S. Courthouse |
| Fax: (617) 353-6944 | One Courthouse Way - Suite 9200 |
| | Boston, MA 02210 |
| | (617) 748-3266 |
| | Anita.Johnson@usdoj.gov |

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, on November 2, 2017.

<i>/s/ Andrew F. Sellars</i>