## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA JOHNSON,<br><br>    Plaintiff,<br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>    Defendant. | Civil Action No. 17-10789 |

### SUPPLEMENTAL DECLARATION OF ANTOINETTE B. SHINER
### INFORMATION REVIEW OFFICER
### FOR THE LITIGATION INFORMATION REVIEW OFFICE
### CENTRAL INTELLIGENCE AGENCY

I, ANTOINETTE B. SHINER, hereby declare and state:

**I.    (U)  INTRODUCTION**

1.   (U) I currently serve as the Information Review Officer ("IRO") for the Litigation Information Review Office at the Central Intelligence Agency ("CIA" or "Agency").[1]  I previously submitted a declaration in this matter, dated 22 January 2018 ("First Declaration").

2.   (U) As described in the First Declaration, I have become familiar with this civil action and the underlying FOIA request through the exercise of my official duties.  I make the

---

[1] For a description of my qualifications and experience, please refer to my previous declaration, dated 22 January 2018.

following statements based upon my personal knowledge and information made available to me in my official capacity.

## II. (U) SEARCH FOR RESPONSIVE RECORDS

3. (U) As described in the First Declaration, personnel from the Agency's Information Management Services (IMS), along with Agency officials knowledgeable about the subject matter of the request, determined that the Office of Public Affairs (OPA) was the office within CIA with sole responsibility for the administration of the @CIA Twitter account. OPA is the office responsible for media, public relations, and communications matters. Within OPA, the OPA Web Team is responsible for the Agency's social media presence, and would be responsible for communications with social media platforms regarding the CIA's public accounts. For these reasons, and based on the specific wording of the requests, IMS limited its searches to OPA's records systems, where IMS, OPA, and Agency officials knowledgeable about the subject matter of the request determined that responsive records would reside.

4. (U) IMS and OPA further identified a member of the OPA Web Team with responsibility for the @CIA Twitter account – to include communicating with Twitter employees for the purposes of account maintenance and verification, and control of content shared via the platform – during the relevant time period of Plaintiff's request. Due to the nature of the position, IMS and

Agency officials knowledgeable about the subject matter of the request reasonably determined that this individual would be privy to all communications responsive to the Plaintiff's request regarding the @CIA Twitter account. In light of these facts, IMS determined that any email communications responsive to the request at issue would likely reside within this account, and structured its email search accordingly.

5. (U) The IMS team ran searches of OPA's file systems to locate records potentially responsive to each of Plaintiff's three requests. With regard to Count 3, Plaintiff's request for a list of user applications connected to the @CIA account on the Twitter platform, the search revealed no responsive records, and the search team returned a response of "No Records Located."

6. (U) As described in the First Declaration, Plaintiff requested three sets of records created between 1 August 2012 and the date her request was processed. IMS began processing the request on 13 February, 2017 when IMS' search of the email system began. These email searches were originally tasked with an end date of 1 January 2017. In the preparation for this Reply and Supplemental Declaration, CIA identified the gap in time between the tasking's cut-off date (1 January 2017) and the date of the search (13 February 2017). The Agency corrected the issue by tasking new email searches for the intervening dates, and identified a few additional documents responsive to this request

which will be produced to Plaintiff concurrent with this declaration and the Agency's Reply brief.

7. (U) Aside from the email searches, searches for responsive material within non-email OPA records were conducted in June 2017. These non-email searches were also originally tasked with an end date of 1 January 2017. In the preparation for this Reply and Supplemental Declaration, CIA identified the gap in time between the tasking's cut-off date (1 January 2017) and the date of the search (26 June 2017). The Agency corrected the issue by tasking new non-email searches for the intervening dates, and identified no additional documents responsive to this request.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of March 2018.

*Antoinette B. Shiner*
Antoinette B. Shiner
Information Review Officer
Litigation Information Review Office
Central Intelligence Agency