# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| AMANDA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-cv-10789 |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## DEFENDANT'S SUPPLEMENTAL FILING IN SUPPORT OF SUMMARY JUDGMENT

At an April 11, 2018, hearing on its Motion for Summary Judgment, the Court asked counsel for the Defendant, Central Intelligence Agency, whether requiring the Agency to print and produce a particular screenshot from a website would be tantamount to requiring the Agency to create a new record under FOIA. Counsel responded that she would need to confer with the Agency regarding that matter. Defendant seeks to clarify its position and the applicable law regarding the matter. In brief, requiring production of the particular screenshot requested would involve the creation of a new record within the meaning of the FOIA and, therefore, the screenshot is not required to be produced to Plaintiff.

As set forth in the Defendant's Opening brief, January 23, 2018 and its Reply, March 27, 2018, the screenshot requested by Plaintiff in this case would be a depiction of a dynamically generated index or listing of all web-based applications currently attached to the Agency's

Twitter account.  The particular information at issue cannot be accessed by simply visiting a static, pre-existing webpage or by calling up a preexisting electronic document.  Instead, as Plaintiff appears to agree, the information sought may only be accessed by first logging onto CIA's account through the Twitter webpage, and then clicking on a particular link.  Significantly, it is only once a user clicks on that particular link that Twitter would then generate – through its internal servers, not visible to the user – a query for all applications currently attached to CIA's account, and only then would it display those query results to the user as a listing or index on a dynamic webpage, generated in response to the user's request.[1] As a result, not only does the requested record not exist within CIA's holdings, the specific record itself does not even exist in Twitter's holdings, unless and until CIA were to cause it to be generated.

Defendant concedes that the Agency is able to generate this listing by accessing the Twitter website, but does not do so in the ordinary course of its business; there is no existing printout or other preexisting representation of the specific information requested.  Requiring the Agency to navigate to the Twitter site, log into its account, access a listing or index that would be generated upon request by a third-party website, and then print a snapshot of that screen, would be to require the Agency to create a record that does not yet exist.

The relevant caselaw  – including cases  relied upon by Plaintiff – differentiate sharply between and agency's obligation on one hand to produce the <u>actual records</u> stored in electronic

---

[1] Defendant believes Plaintiff would stipulate to these factual representations.  That said, Plaintiff here has taken an unprecedented measure of attempting to provide the Government with instructions for generating a new record by logging on to a third-party website not owned or operated by the government.  As a result, the Government is unable to attest to the details of the document creation process Plaintiff proposes but believes the factual representations here are consistent with Plaintiff's understanding.

databases (e.g., emails, documents, or other business records) versus, on the other hand, generating listings or indices of electronic database records, which FOIA does not require. These cases do not turn on whether the Agency would have to input data to create the index, or whether the list requested is a partial list or complete list of the database's contents. The ease with which the document could be created is not the relevant question. *National Security Counselors v. CIA II*, 960 F. Supp. 2d 101, 160 (D.D.C. 2013). The question is whether the Agency has chosen to create and retain a screen shot or print out of the requested list. *Id.*; *National Security Counselors v. CIA*, 898 F. Supp. 2d 233, 271 (D.D.C. 2012) (*NSC I*). Here, Plaintiff has not requested the contents of CIA's Twitter account, but instead seeks information about the contents of that account, *i.e.* a listing of other applications with which that account shares information. The Agency has not chosen to create or retain a list of the kind Plaintiff seeks, and "insofar as the agency has not previously created and retained such a listing or index" it is not required to do so in response to this FOIA request. *NSC I*, 898 F. Supp. 2d at 271.

As cited in the Government's Reply Brief, *Brown v. Perez* is also highly instructive on this issue. In *Brown*, the request asked for screen shots of the "pull-down menus" providing options in a physicians' scheduling program. *Brown v. Perez*, 76 F.Supp.3d 1217, 1228 (D. Colo. 2014), *aff'd Brown v. Perez*, 835 F.3d 1223, 1237 (10th Cir. 2016). In that case, as here, the options provided in these pull down menus were static—the available options could not be queried or changed, and pulling up the list in that case did not require agency user to input any data. *Id.* As here, however, fulfilling the request would have required the agency to navigate to the correct screen and click the drop down button, take a snapshot of the screen, and print it out. *Id.* The court in *Brown* ruled that the Agency had no such obligation under FOIA.

## CONCLUSION

Defendant's Motion for Summary Judgment should be granted for the reasons set forth above and for the reasons addressed in Defendant's previous briefs.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     */s/ Anita Johnson*_____ ___
ANITA JOHNSON, BBO No. 565540
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, MA 02210
(617) 748-3266

Anita.Johnson@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document will be filed through the ECF system, which system will serve electronically counsel for Plaintiff on this 25th day of May 2018.


*<u>/s/ Anita Johnson</u>*