UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| AMANDA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 17-cv-10789 |
| | ) |
| CENTRAL INTELLIGENCE AGENCY | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S SUPPLEMENTAL FILING IN SUPPORT OF SUMMARY JUDGMENT**

On June 20, 2018, the Government requested leave to file a sur-response in order to address issues raised in Plaintiff's Response to Defendant's Supplemental Filing regarding the information requested in the third part of Plaintiff's FOIA request: "the list of user applications connected to the CIA's public facing Twitter account, @CIA." Complaint ¶ 11 c.  Contrary to Plaintiff's contentions, requiring production of the requested information would involve the creation of a new record under FOIA, and to the extent that the underlying information relating to Plaintiff's request exists, it exists only because it was generated by a third party website in a manner beyond the Agency's control and resides on that third party website.  Under such circumstances, FOIA does not require the Agency to create and produce such information to the Plaintiff.

1

Plaintiff's response mischaracterizes the government's argument.  The government is not asserting that retrieval of any electronic information would require the creation of a record; the point to be made is that the information requested was not generated by the Government in the first place.  Plaintiff's Sur-Reply at 2.  Plaintiff's arguments bypass this crucial threshold question: has the Agency created or retained the document Plaintiff seeks?  The question is not whether the Agency is *capable* of creating and retaining the information requested, but whether the Agency has "in fact chosen to create and retain" the record requested.  *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 158 (D.D.C. 2013).  The answer to this question disposes of Plaintiff's argument: no, no such record yet exists.  The cases Plaintiff cites with regard to searching and producing electronic files under FOIA all operate on the assumption that a document containing the information requested already exists.  *See Nat'l Sec. Counselors,* 898 F. Supp. 2d 233, 271 (D.D.C. 2012) (holding that an agency is not exempt from producing a document that would otherwise constitute an agency record simply because it happens to be *stored* electronically).  If the Agency had created and stored a printout or saved a screen shot of the information requested, it would be required to produce that preexisting record.  Here, however, there is no existing record that can be pulled from either hard copy or electronic databases within the Agency's control.  To produce the requested information here, the government would have to create a printout by logging into the outside website, requesting that the website create the record requested by retrieving the relevant data, and then capturing and image of that data—an image that does not yet exist in Agency records systems.  *Brown v. Perez*, 835 F.3d 1223, 1237 (10th Cir. 2016) (finding that FOIA does not require an agency to create and produce printouts that were not previously electronically stored).

Even if the court finds that creating and printing a screenshot of Twitter's applications page is not the creation of a new record, the Agency is under no obligation to produce the requested record. To the extent that the underlying information relating to Plaintiff's request exists, it exists only because it was generated by a third party website in a manner beyond the Agency's control and resides on that third party website. *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 150 (D.C. Cir. 2016) (holding that records stored on third party systems were not exempt from search under FOIA, *if the department maintained control of the material*); *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 145 (1989) (holding that a record must be within the agency's control to be subject to production in FOIA). To require the Agency to create and retrieve this record from Twitter's website and then produce it would be equivalent to suggesting that simply because the Agency has an account with Westlaw and can access information therein, it may be required under FOIA to log on to Westlaw and produce printouts of information generated and maintained by Westlaw, *e.g.*, specific account usage or billing information. The same rationale would apply to FOIA requests for any account-related records (*e.g.*, usage graphs or billing histories) that can be generated and printed from any number of third-party service provider used by the Government, such as telecommunications providers. Here, as noted, the Agency did not create the record on Twitter's site. In fact, that Agency has no control over whether the requested page exists—a settings page is generated automatically for each Twitter account. The Agency has no control over what information is included or not included, and, as searches of the Agency's systems revealed, the record has not been integrated into the Agency's files. *Reich v. Dep't of Energy*, 811 F. Supp. 2d 542, 545 (D. Mass. 2011). There is no indication that any agency employee relied on the requested information to carry out

his or her duties. *Id.* at 547 (finding the fact that an agency employee read and scanned a document into the system without distributing the document further "analogous to no use at all").

## CONCLUSION

Defendant is not required to produce "the list of user applications connected to the CIA's public facing Twitter account, @CIA." because no responsive record exists, and to the extent that the underlying information relating to Plaintiff's request exists, it exists only because it was generated by a third party website in a manner beyond the Agency's control and resides on that third party website, not on the Agency's website.

Defendant requests that its Motion for Summary Judgment be granted for the reasons set forth above and for the reasons addressed in Defendant's previous briefs.

        Respectfully submitted,

        CENTRAL INTELLIGENCE AGENCY

        By its attorneys,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ Anita Johnson*_____
      ANITA JOHNSON, BBO No. 565540
      Assistant United States Attorney
      United States Attorney's Office
      John Joseph Moakley U.S. Courthouse
      One Courthouse Way - Suite 9200
      Boston, MA 02210
      (617) 748-3266
      Anita.Johnson@usdoj.gov

Certificate of Service

    I certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiff on this 28th day of June 2018.

                                                             /s/ Anita Johnson